UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| THOMAS BRANDON DAVIS,           )<br>                                 )<br>            Movant,              )<br>  vs.                            )<br>                                 )<br>UNITED STATES OF AMERICA         ) | No. 1:07-cv-1587-SEB-DML<br>IP 04-CR-67-01-B/F |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Thomas Brandon Davis seeks such relief with respect to his conviction in No. IP 04-CR-67–B/F-01, wherein he was convicted by a jury of defrauding Indiana Medicaid in violation of 18 U.S.C. § 1347. *See United States v. Davis,* 471 F.3d 783 (7th Cir. 2006). Because Davis has failed to demonstrate his entitlement to relief, however, his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** This conclusion is based on the following facts and circumstances:

1. Davis is a psychologist who operated two clinics in Indiana, who was licensed as a "health service provider in psychology" ("HSPP"), and who was enrolled as a provider under Indiana's Medicaid program. He was charged with one count of health care fraud in violation of 18 U.S.C. § 1347. This statute makes it a crime to

> knowingly and willfully execute [ ], or attempt[ ] to execute, a scheme or artifice: . . . (1) to defraud any health care benefit program; or . . . (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services.

18 U.S.C. § 1347. As recounted in Davis' direct appeal, Davis "employed three independent methods to get Indiana Medicaid to pay for procedures that they might not otherwise have paid: he billed for services that were actually provided by other people (substitute-billing),

he billed for hours of work that nobody performed (overbilling), and he billed for different procedures in order to avoid pre-authorization requirements (miscoding)." *United States v. Davis,* 471 F.3d at 785. The Court of Appeals upheld the jury's rejection of Davis' defense of good faith or lack of *mens rea* and also rejected Davis' claims of various trial error.

2. A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). Additionally, it must be noted that "[a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (emphasis in original).

3. Davis presents three claims in support of his § 2255 motion–(a) that his conviction is unconstitutional because "the actions of the Medicaid office constitute legal entrapment," (b) the United States failed to produce a Medicaid audit report relative to the investigation of his billing practices and thereby violated his right to due process pursuant to *Brady v. Maryland,* 373 U.S. 83, 87 (1963), (c) his attorney at trial was ineffective by his failure to acquire a Medicaid audit report or seek assistance from the trial court in obtaining a Medicaid audit report, and (d) he was denied the effective assistance of counsel at trial when his attorney failed to file an interlocutory appeal challenging the court's exclusion of his proffered unpublished manuscript.

4. The United States points out that the first two of these claims were not included in Davis' direct appeal and that he has, therefore, committed procedural default with respect to them. To the extent they were not included in his direct appeal, they cannot be considered for the first time in this § 2255 action absent a showing of cause and prejudice or that the failure to consider a claim would result in a miscarriage of justice. *See, e.g., Waldemer v. United States,* 106 F.3d 729, 731 (7th Cir. 1997). Davis does not respond to this argument of procedural default apart from arguing the merits of his claims, and this argument does not substitute for the showing required to overcome the consequences of his procedural default.[1]

---

[1]To conclude otherwise would permit Davis to entirely circumvent the rule of procedural default. His argument as to the merits of his these claims, moreover, does not suggest that he is actually innocent, which is the showing required to support a claim that a fundamental miscarriage of justice would result of the court fails to consider the merits of his otherwise-forfeited § 2255 claims. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 624 (1998). A claim of actual innocence requires

      5.    Procedural default aside, Davis would not be entitled to relief based on either of his first two claims.

          a.    In the circumstances of this case, his detrimental reliance or legal entrapment argument is a variation of the good faith defense which Davis offered at trial–and which was rejected--"the jury did not buy this good faith defense because it returned a general verdict of guilty." *Davis,* 471 F.3d at 786. These defenses would not, moreover, have been available to Davis because the crime with which he was charged requires proof of the intent to defraud, *United States v. Choiniere,* 2008 WL 516866 at *4 (7th Cir. Feb. 28, 2008), because "[e]ntrapment by estoppel is a defense applicable only to crimes that do not require fraudulent intent, and because the establishment of entrapment by estoppel would also negate the intent requirement of such crimes." *United States v. George,* 386 F.3d 383, 400 (2d Cir. 2004). Separate from that principle in this case is the further disqualifying factor that the representative from the Medicaid Office to which Davis now makes reference was an employee of a state agency, not the federal government. *United States v. Baker*, 438 F.3d 749, 755 (7th Cir. 2006) ("[W]e have held that the entrapment by estoppel defense does not apply when a defendant charged with a federal crime claims to have been misled by a state official.").

          b.    As to Davis' second claim, the government's obligation to disclose certain information pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), is not disputed. To establish a *Brady* violation, a defendant must demonstrate that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defense; and (3) the evidence was material to an issue at trial. *United States v. Walton,* 217 F.3d 443, 450 (7th Cir. 2000). The record shows, however, that no written audit report was prepared and none existed to be disclosed. There is no *Brady* violation where evidence does not exist. *See, e .g., United States v. Edwards*, 442 F.3d 258, 266-67 (5th Cir. 2006) ("the prosecution has no duty [under *Brady*] to turn over to the defense evidence that does not exist"); *United States v. Sanchez*, 251 F.3d 598, 603 (7th Cir. 2001) (same). There is, likewise, no obligation on the part of the government to *create* evidence which it must then disclose pursuant to *Brady. Richards v. Solem,* 693 F.2d 760,766 (8th Cir. 1982) ( "Although the state has a duty to disclose evidence, it does not have a duty to create evidence."); *United States v. Sukumolachan,* 610 F.2d 685, 687 (9th Cir.1980)("*Brady* . . . does not require the government to create exculpatory material that does not exist."). There was no *Brady* violation relative to the audit report Davis has described.

      6.    Davis' remaining claims are that he was denied the effective assistance of counsel at trial.

          a.    The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984)). For a petitioner to establish that her "counsel's assistance was so defective as to require

reversal" of a conviction or a sentence, she must make two showings: (1) deficient performance that (2) prejudiced her defense. *Strickland,* 466 U.S. at 687.

b.   With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In order to show prejudice from a counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . .'" *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (quoting *Strickland,* 466 U.S. at 694); *see also Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

c.   Davis' first specification of ineffective assistance of counsel is that his attorney failed to acquire a Medicaid audit report or seek assistance from the court in obtaining a Medicaid audit report. As just explained, however, there was no written audit. Counsel was not ineffective for failing to acquire that which did not exist.

d.   Davis' second specification of ineffective assistance of counsel is that his attorney failed to file an interlocutory appeal challenging the court's exclusion of his proffered unpublished manuscript. It was explained in Davis' direct appeal, however, that the exclusion of the manuscript was not error. An interlocutory appeal based on a proposed or an actual ruling concerning the exclusion of a tendered document exhibit at trial would have been highly unusual and improbable. Even if permitted procedurally at that point, moreover, this court's ruling would have been affirmed, and consequently counsel did not perform inadequately. *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001) ("It is not deficient performance to fail to raise an argument with no real chance of success.").

7.   Having thus considered the pleadings, the expanded record, and the parties' arguments, therefore, the court finds for the reasons explained in this Entry that Davis has failed to show that he is entitled to the relief he seeks and that his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.**  Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  07/23/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana